Tom. L. Lewis
J. David Slovak
Mark M. Kovacich
Lewis, Slovak & Kovacich, P.C.
P. O. Box 2325
Great Falls, MT 59403
(406) 761-5595

Attorneys for Plaintiffs

**FILED**

AUG - 1 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, BUTTE

**FILED**

JUL 10 2008

LORI MALONEY CLERK
By_____
Deputy Clerk

Brad Newman
Judge, Dept. II

## MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

| | |
|---|---|
| GREGORY A. CHRISTIAN; MICHELLE D. CHRISTIAN; ROSEMARY CHOQUETTE; ESTER VIOLETTE; DUANE N. COLWELL; SHIRLEY A. COLWELL; BRYCE MEYER; MILDRED MEYER; FRANKLIN J. COONEY; VICKI COONEY; DALE CORTRIGHT; GEORGE COWARD; SHIRLEY COWARD; JACK E. DATRES; ROBBIE OPP; BRUCE DUXBURY; JOYCE DUXBURY; VIOLA DUFFY; BILL FIELD; CHRIS FIELD; JAMES GRESS; CHARLES GUSTAFSON; MICHAEL HENDRICKSON; BRUCE HOLBROOK; MAUREEN ROBINSON-HOLBROOK; SHAUN HOOLAHAN; PATRICE HOOLAHAN; BARBARA KELSEY; CARL KOEPPLIN; MYRTLE KOEPPLIN; DOUG KRATTIGER; BRENDA KRATTIGER; JULIE LATRAY; RUSS MCKAY; KRISTY MCKAY; TED MINNEHAN; JUDY MINNEHAN; RICHARD MORSE; DIANE MORSE; PATRICK MULCAHY; KAREN MULCAHY; SERGE MYERS; NANCY MYERS; JOHN NEWELL; JANE NEWELL; GEORGE NILAND; LAURIE NILAND; DONALD PETERS; JUDY PETERS; TAMMY PETERS; ROBERT PHILLIPS; TONI PHILLIPS; DONNA SUE PIERCE; ROBERT PIERCE; WILLIAM D. POWERS; CAROL POWERS; ALEX REID; SHEILA DORSCHER; LARRY RUPP; PETE REISENAUER; SUE REISENAUER; KENT REISENAUER; LADONA KRUM; JOHN A. RUSINSKI; KATHRYN RUSINSKI; CARL RYAN; PENNY RYAN; DAVID D. SCHLOSSER; ILONA M. SCHLOSSER; | CAUSE NO. DV-08-173 BN<br><br>CV-08-45-BU-RFC<br><br><br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

DALE SCHAFER; MICHAEL SEVALSTAD; )
JIM SHAFFORD; STEVE SIMON; JESSICA )
MANSELL; RICHARD SILZLY; ROSEMARIE )
SILZLY; KEVIN SORUM; SUSAN SORUM; )
ZANE SPEHAR; VICKIE SPEHAR; JAMES )
SVENDSEN, JR.; CARON SVENDSEN; )
CARA SVENDSEN; JAMES H. SVENDSEN, )
SR.; DON SPARKS; JOHN STOPPLER; ED )
JONES; RUTH JONES; SHARON YATES; )
KEN YATES; DOUG VIOLETTE; LEONARD )
MANN; VALERIE MANN; DAVID ZIMMER; )
TONI ZIMMER; DAVID OSTROM; ROSE )
ANN OSTROM; TOM PUCCINELLI; SCOTT )
RUSS; EMILY RUSS; ANTHONY SOLAN; )
MALISSA RAASAKKA; DARLENE WILLEY; )
CHARLES WALROD; CAROL WALROD; )
WILLIAM YELSA; LESLIE NELSON, and )
RON NELSON; )
)
            Plaintiffs, )
)
vs. )
)
BP Amoco CORPORATION, a Foreign )
Corporation for Profit; BP CORPORATION )
NORTH AMERICA, INC., a Foreign for )
Profit Corporation; BP AMERICA, INC., a )
Foreign Corporation for Profit;; BP Amoco )
CHEMICAL COMPANY, a Corporation; )
BP Amoco, P.L.C., a Corporation; THE )
BRITISH PETROLEUM COMPANY, P.L.C., )
a Foreign Corporation for Profit; ATLANTIC )
RICHFIELD COMPANY, a Corporation for )
Profit; ATLANTIC RICHFIELD DELAWARE )
CORPORATION, a Delaware Corporation )
for Profit; THE ANACONDA DELAWARE )
CORPORATION, a for Profit Corporation; )
THE ANACONDA COMPANY, a Montana )
Corporation; ANACONDA MINERALS )
COMPANY, a Corporation; ANACONDA )
COPPER MINING COMPANY; a For Profit )
Corporation; ESTATE OF FRANK DAY, )
Deceased; SHANNON DUNLAP; and )
DOES I - 100, Inclusive; )
)
            Defendants. )

COME NOW the plaintiffs, demanding trial by jury, and for their complaint against the defendants, allege as follows:

## PARTIES

1.

All plaintiffs, except LaDona Krum and Anthony Solan, are citizens of the State of Montana. Plaintiff LaDona Krum is a citizen of Nevada. Plaintiff Anthony Solan is a citizen of Washington. One or more of the plaintiffs is a resident of Silver Bow County. Plaintiffs own real property in and around Opportunity, Montana.

2.

Defendant The Anaconda Company is and/or was a business corporation for profit with its principal place of business in the State of Montana.

3.

Defendants Atlantic Richfield Company (ARCO), Atlantic Richfield Delaware Corporation, and The Anaconda Delaware Corporation are business corporations for profit organized and existing under the laws of states other than the State of Montana with principal places of business in states unknown to the plaintiff. Defendants ARCO; Atlantic Richfield Delaware Corporation; and Anaconda Delaware Corporation were involved in merger agreements, which ultimately resulted in the purchase and/or acquisition of defendant The Anaconda Company by ARCO. As a result of the said merger agreements and the acquisition of The Anaconda Company, ARCO, Atlantic Richfield Delaware Corporation, and Anaconda Delaware Corporation assumed liability for all claims that could have been brought against The Anaconda Company. For purposes of this action, the allegations and claims against The Anaconda Company are also allegations and claims against ARCO, Atlantic Richfield Delaware Corporation, and

Anaconda Delaware Corporation, as successor corporations. (The Anaconda Company, ARCO, Atlantic Richfield Delaware Corporation, and Anaconda Delaware Corporation may be referred to from time to time herein as the "ARCO Defendants.")

4.

Defendants BP Amoco Corporation: BP Corporation North America, Inc.; BP America, Inc.; BP Amoco Chemical Company; BP Amoco, P.L.C.; The British Petroleum Company, P.L.C.; and one or more of Does 1 - 1000 Inc. are business corporations for profit organized and existing under the laws of states other than the State of Montana with principal places of business in States unknown to the plaintiff (BP Amoco Corporation; BP Corporation North America, Inc.; BP America, Inc.; BP Amoco Chemical Company; BP Amoco, P.L.C.; The British Petroleum Company, PL.C.; and one or more of Does 1 - 1000 Inc. may be referred to from time to time herein as the "BP Amoco Defendants.") The BP Amoco Defendants were involved in merger agreements, which ultimately resulted in the purchase and/or acquisition of the ARCO Defendants. As a result of the merger agreement and acquisition of the ARCO Defendants, the BP Amoco Defendants assumed liability for all claims which could have been brought against the ARCO Defendants and The Anaconda Company. For purposes of this action, the allegations and claims against the ARCO Defendants and The Anaconda Company are also allegations and claims against the BP Amoco Defendants, as successor corporations.

5.

Defendant the Estate of Frank Day is a citizen and resident of the State of Montana. On the date of his death Frank Day was a citizen and resident of the State of Montana. This action is brought against the Estate of Frank Day for personal torts of

AMENDED COMPLAINT AND JURY DEMAND - 4

Frank Day committed in his individual capacity against the plaintiffs and in his capacity as manager of The Anaconda Company smelter in Anaconda, Montana.

6.

Defendant Shannon Dunlap is a citizen and resident of Butte, Silver Bow County, Montana. Dunlap is an employee of ARCO. This action is brought against Dunlap for personal torts committed in his individual capacity against the plaintiffs.

7.

The true names and capacities of defendants named herein as Does I through 100, inclusive, are unknown to plaintiffs at this time. Plaintiffs therefore bring this action against Does I through 100, inclusive, by such fictitious names. Plaintiffs will seek leave to amend this complaint to state the true names and capacities of Does 1 through 100 when the same have been ascertained, together with further appropriate charging allegations. Plaintiffs are informed, believe, and thereon allege that each defendant, fictitiously named Does 1 through 100, is legally responsible for the occurrences herein alleged and that plaintiffs' damages were proximately caused by each fictitiously named defendant's unlawful acts or omissions. Defendants Does 1 through 100, inclusive, are natural persons, corporations, partnerships, joint ventures, or other legal entities who wrongfully and unlawfully caused or contributed to plaintiffs' damages.

## JURISDICTION AND VENUE

8.

The District Court has jurisdiction pursuant to § 3-5-302, MCA.

9.

Venue is proper in the Montana Second Judicial District Court, Silver Bow County, Montana, pursuant to § 25-2-117, 25-2-118, and 25-2-122, MCA, because

AMENDED COMPLAINT AND JURY DEMAND - 5

defendant Dunlap is a resident of Silver Bow County, and because the defendants committed acts resulting in the accrual of this tort action in Silver Bow County.

## GENERAL ALLEGATIONS

10.

Each act of negligence, carelessness, recklessness, and maliciousness, and each violation of law alleged herein was committed by defendants and/or employees or agents of defendants, acting within the course and scope of their employment or agency with defendants, and in furtherance of the business interests of defendants; and each unlawful act or omission alleged herein is imputable to defendants.

11.

ARCO and its predecessors, acting in the course and scope of their businesses, owned, occupied, operated, managed, used, and/or maintained a milling and smelting operation located near the towns of Anaconda and Opportunity, Deer Lodge County, Montana. This operation and its associated ore processing and smelting facilities were developed to remove copper from ore mined in Butte, Silver Bow County, from 1884 to 1980.

12.

During the period of their ownership and occupancy of the mining, milling, and smelting operation and its associated facilities, and at times since closing the operation, defendants negligently, suddenly, accidentally, unexpectedly, maliciously, and with reckless disregard of plaintiffs' rights, caused toxic and hazardous smelter and ore processing wastes - including, but not limited to, mine tailings, furnace slag, flue dust, and heavy metals such as arsenic, copper, cadmium, lead, and zinc - to enter the air, soil, surface waters, and groundwater in and around said facilities.

13.

Said toxic contaminants and hazardous materials migrated, and continue to migrate, by means of air, groundwater, and soil, onto the property of the plaintiffs.

14.

Defendants intentionally, negligently, maliciously, and/or with reckless disregard of plaintiffs' rights, made affirmative misrepresentations and/or failed to disclose material facts to plaintiffs, and/or prior owners of plaintiffs' property. Defendants were aware of the toxicity and migration of said hazardous materials, knew the hazards associated with the migration of such toxic materials into the community, and failed to warn plaintiffs, or prior owners of plaintiffs' property, that their health, welfare, and property values had been jeopardized.

15.

As a direct and proximate result of the defendants' unlawful conduct, plaintiffs have suffered damages, including, but are not limited to, loss of real property value, damage to their interests in real property, costs of investigation and restoration of real property, loss of use and enjoyment of property, and incidental and consequential damages.

## FIRST CAUSE OF ACTION

### (Negligence)

Plaintiffs reallege paragraphs 1 through 15 of this Complaint and Jury Demand and adopt the same as paragraphs 1 through 15 of this First Cause of Action.

16.

Defendants owed plaintiffs a duty to act with reasonable care, so as not to jeopardize their property, health, and welfare.

AMENDED COMPLAINT AND JURY DEMAND - 7

17.

Defendants breached their duty of care by negligently, carelessly, and recklessly generating, releasing, depositing, disposing, and failing to control and contain the hazardous and toxic materials generated, used, and released at their Anaconda mining, milling, and smelting operation and its associated facilities. Defendants' negligence is more particularly described as follows:

- A. Failure to control and contain heavy metals and other toxic substances generated and spread as a result of defendants' operations;
- B. Failure to prevent said toxic materials from migrating to neighboring properties;
- C. Failure to exercise reasonable care to contain the toxins once the defendants knew or reasonably should have known they had polluted a large area in and about the plaintiffs' properties;
- D. Failure to exercise reasonable care to prevent the escape of defendants' toxins that permeated the soil and contaminated the groundwater in and about the area of plaintiffs' properties thereby creating a substantial risk of harm and injury to plaintiffs and their properties;
- E. Failure to remove the toxic substances from the plaintiffs' properties; and
- F. Failure to warn the plaintiffs of the scope of and dangers posed by the contamination.

18.

As a direct and proximate result of the defendants' foregoing negligent and unlawful conduct, plaintiffs have suffered, and continue to suffer, damages and detriment as herein alleged.

## SECOND CAUSE OF ACTION

### (Public Nuisance)

Plaintiffs reallege paragraphs 1 through 18 of the First Cause of Action and adopt the same as paragraphs 1 through 18 of this Second Cause of Action.

19.

The plaintiffs are members of the public who reside, work, conduct their personal and business affairs, and have proprietary interests in certain real and personal property in the areas affected by defendants' contamination. Plaintiffs also have rights incidental to that property, including the right to the exclusive use and quiet enjoyment of the property.

20.

The conduct of defendants violates § 27-30-101, MCA, *et seq.*, and constitutes a common law nuisance in that it is specially injurious and offensive to the senses of the plaintiffs, specially interferes with and disturbs their comfortable enjoyment of their life and property, and unlawfully prevents the customary use of their property and residences. The contamination caused by defendants' activities, as herein described, affects a considerable number of persons, including the entire community surrounding plaintiffs' property.

21.

To the extent the nuisance is not also a private nuisance, the nuisance is specially injurious to plaintiffs in that they are members of the public who reside or own property within the area immediately affected by the pollution. Plaintiffs therefore have suffered interference with and injury to the use and enjoyment of their property which is different in kind from the injury suffered by the general public.

AMENDED COMPLAINT AND JURY DEMAND - 9

22.

Unless the nuisance is abated, plaintiffs' property and rights of enjoyment of their property will be progressively further damaged and further jeopardized in the future.

23.

As a direct and proximate result of the public nuisance alleged herein, plaintiffs have suffered, and continue to suffer damages and detriment as herein alleged.

### THIRD CAUSE OF ACTION

### (Private Nuisance)

Plaintiffs reallege paragraphs 1 through 23 of the Second Cause of Action and adopt the same as paragraphs 1 through 23 of this Third Cause of Action.

24.

Plaintiffs have ownership and/or proprietary interests in certain real and personal property in the areas affected by the defendants' toxic contamination released into the soil, air, and water. Plaintiffs also have the right to the exclusive use and quiet enjoyment of their property.

25.

The conduct of the defendants constitutes a private nuisance in that such conduct has caused substantial injury to and interference with the comfortable enjoyment and use by plaintiffs of their real and personal property, and their rights to use their property and residences in the customary manner without exposure to or concern regarding the dangers of toxic substances.

26.

Unless the nuisance is abated, plaintiffs' property and their right to use and enjoy their property and their interests will be progressively further jeopardized.

AMENDED COMPLAINT AND JURY DEMAND - 10

27.

As a direct and proximate result of the private nuisance created by defendants's unlawful conduct and activities, and the toxic dumping that resulted therefrom, plaintiffs have suffered, and continue to suffer damages and detriment as herein alleged.

## FOURTH CAUSE OF ACTION

### (Trespass)

Plaintiffs reallege paragraphs 1 through 27 of the Third Cause of Action and adopt the same as paragraphs 1 through 27 of this Fourth Cause of Action.

28.

At all times relevant to the causes of action alleged in this Complaint, plaintiffs resided on, owned, and/or lawfully possessed property within the area affected by the contamination.

29.

The defendants intentionally, recklessly, negligently, without just cause and by conducting an abnormally dangerous activity, committed the wrongful act of trespass by causing heavy metals, including arsenic, copper, cadmium, lead, and zinc, and other toxic contaminants and hazardous substances, including mine tailings, furnace slag, and flue dust, to invade and to remain on the real property of plaintiffs. Said toxic substances were transported on to plaintiffs' properties by air, soil, and groundwater.

30.

Defendants have failed to remove said toxic substances from the property.

31.

As a direct and proximate result of defendants' trespass, plaintiffs have suffered, and continue to suffer damage and loss to their real property as herein alleged.

AMENDED COMPLAINT AND JURY DEMAND - 11

## FIFTH CAUSE OF ACTION

### (Strict Liability for Abnormally Dangerous Activity)

Plaintiffs reallege paragraphs 1 through 31 of the Fourth Cause of Action and adopt the same as paragraphs I through 31 of this Fifth Cause of Action.

32.

The mining, milling, smelting, use, disposal, and release of large quantities and concentrations of heavy metals and other hazardous substances as herein alleged and the operation of a large scale mining, milling, and smelting operation immediately adjacent to a residential community is an abnormally dangerous and ultra hazardous activity in that:

- A. There exists a high degree of risk of serious harm to the environment, persons, land, chattels of others, including plaintiffs, which cannot be eliminated by the exercise of reasonable care;

- B. There is a strong likelihood that great harm will result from the mining, milling, smelting, use, disposal, and release of such hazardous materials and toxic substances;

- C. The mining, milling, smelting, use, disposal, and release of such hazardous materials and toxic substances in large quantities and concentrations in close proximity to a residential community is not a matter of common usage such as would be carried on by the great mass of mankind or many people in the community;

- D. The manner in which defendants mined, milled, smelted, used, disposed, and released such materials at their facilities is and was inappropriate; and

E.  The value to defendants of the mining, milling, smelting, use, disposal, and release of such large quantities and concentrations of hazardous materials and toxic substances adjacent to a residential community is outweighed by the likelihood of harm resulting therefrom.

33.

As a direct and proximate result of defendants' unlawful actions and abnormally dangerous and ultra hazardous activities, plaintiffs have suffered, and continue to suffer, damages and detriment as herein alleged.

## SIXTH CAUSE OF ACTION

### (Constructive Fraud)

Plaintiffs reallege paragraphs 1 through 33 of the Fifth Cause of Action and adopt the same as paragraphs 1 through 33 of this Sixth Cause of Action.

34.

Defendants, including defendant Dunlap and including defendant The Estate of Frank Day, by and through its decedent Frank Day, have known for decades that their conduct as herein alleged caused toxic substances and hazardous materials to enter the air, soil and groundwater and, as such, invade and remain on plaintiffs' real property.

35.

Defendants, and each of them, had, and continue to have, an absolute duty to disclose fully and to warn plaintiffs, on an ongoing basis, of the nature of, type of, extent of, scope of contamination and the risks posed by the toxic substances and hazardous materials released by the defendants' mining, milling, and smelting operation and its associated facilities.

36.

Defendants breached, and continue to breach, their duties, as set forth in the preceding paragraph, and further, have misrepresented and continue to misrepresent, downplay, and conceal material facts, thereby gaining an unfair advantage, by deception, over plaintiffs to their prejudice, all in violation of § 28-2-406, MCA, and the common law of Montana.

37.

As a result of defendants' constructively fraudulent and deceitful acts, plaintiffs' interests were compromised because they relied upon the misinformation of defendants' to their detriment and suffered damages, and continue to suffer damages and detriment as herein alleged.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment)

Plaintiffs reallege paragraphs 1 through 37 of the Sixth Cause of Action and adopt the same as paragraphs 1 through 37 of this Seventh Cause of Action.

38.

The defendants intentionally, negligently, unlawfully, and wrongfully disposed of and deposited toxic substances onto the plaintiffs' properties. Despite knowledge that the defendants had contaminated the plaintiffs' properties, the defendants have failed and refused to timely and properly remove the contamination.

39.

The defendants' use of plaintiffs' property to dispose of, deposit, and store toxic substances is wrongful and unlawful. Plaintiffs did not consent to the use of their property in that manner.

40.

The defendants' unauthorized use of plaintiffs' property has benefitted them monetarily to the plaintiffs' detriment. The defendants are therefore unjustly enriched, and plaintiffs are entitled to damages as a result of the defendants' unjust enrichment.

## SEVENTH CAUSE OF ACTION

### (Wrongful Occupation of Real Property)

Plaintiffs reallege paragraphs 1 through 40 of the Seventh Cause of Action and adopt the same as paragraphs 1 through 40 of this Eighth Cause of Action.

41.

Defendants have wrongfully occupied and continue to wrongfully occupy plaintiffs' private property in violation of 271-318, MCA, and Montana common law.

42.

As a result of defendants' wrongful occupation of plaintiffs' property, plaintiffs have suffered, and continue to suffer damages and detriment as herein alleged.

## DAMAGES

43.

As a direct and proximate result of defendants' wrongful and unlawful acts and omissions, as herein alleged, plaintiffs were injured, have suffered, continue to suffer, and/or are reasonably certain to suffer, the following harm, detriment, and damages:

- A. Injury to and loss of use and enjoyment of real and personal property:
- B. Loss of the value of real property and rights incidental thereto, and loss of use of that value and those rights:
- C. Incidental and consequential damages, including relocation expenses and loss of rental income and/or value:

D.  Annoyance, inconvenience and discomfort over the loss and prospective loss of property value, economic opportunities, ways of life and other legal rights: and

E.  Expenses for and cost of investigation and restoration of real property:

44.

The Montana Constitution guarantees all persons in Montana the inalienable, fundamental right to acquire, possess, and protect property, as well as the right to a clean and healthful environment. Defendants' conduct has violated the plaintiffs' constitutional rights, and plaintiffs are entitled to damages for full restoration of their property as necessary to protect these constitutional rights.

45.

The defendants have been unjustly enriched. Plaintiffs are entitled to damages as a result of the defendants' unjust enrichment.

46.

Plaintiffs are entitled to damages for defendants' wrongful occupation of the plaintiffs' properties.

47.

Plaintiffs have suffered and continue to suffer actual damages as a result of defendants' unlawful conduct.

48.

Although defendants have known for many years that their unlawful conduct has caused, and continues to cause, actual and extensive harm to plaintiffs and their property interests, defendants have deliberately proceeded to act in conscious and intentional disregard for and indifference to the harm and the high probability of further

injury and harm to plaintiffs. The conduct of defendants' is so intentional, fraudulent, malicious, and egregious so as to shock the conscience and present an affront to societal interests that are unfathomable. Defendants have acted with cold and calculated indifference to the rights and interests of the plaintiffs and their community.

49.

Defendants have made misrepresentations of fact with knowledge or their falsity and have concealed material facts with the purpose of depriving plaintiffs of their property or legal rights and otherwise causing them injury, harm, and damages.

50.

Defendants were, and are, guilty of intentional misconduct, actual malice, which justifies imposition of punitive or exemplary damages in a sufficient amount to punish them and to serve as warning to other legal entities similarly situated that such conduct is unacceptable in our society and will not be tolerated.

### JURY DEMAND

Plaintiffs demand trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against the defendants and awarding damages for following:

1. Reasonable compensation to plaintiffs for all harm they have suffered as a result of defendants' unlawful conduct;

2. Damages for investigation and restoration of plaintiffs' property and other contaminated property in close proximity to plaintiffs' property in order to remove present contamination and prevent future contamination;

3. Reasonable compensation for loss of property value;

4. Reasonable compensation for loss of use and enjoyment of real property;

5. Damages for the value of defendants' unauthorized use and wrongful occupation of plaintiffs' property, as well as the costs necessary to plaintiffs to recover possession of their property, including all necessary investigation and restoration costs;

6. Reasonable compensation for unjust enrichment;

7. Reasonable compensation for annoyance, inconvenience, and discomfort over the loss and prospective loss of property value, economic opportunities, and other legal rights;

8. Punitive and exemplary damages in an amount sufficient to punish and to deter defendants and others similarly situated from engaging in similar wrongdoing;

9. Incidental and consequential damages, including relocation expenses and loss of rental income and value;

10. Costs and disbursements incurred herein; and

11. Such other and further relief as the Court deems just and equitable.

DATED this 8th day of July, 2008.

LEWIS, SLOVAK & KOVACICH, P.C.

By: _____

Tom L. Lewis
P. O. Box 2325
Great Falls, MT 59403
Attorneys for Plaintiffs